UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS R. MORALES, A34-200-190,

        Petitioner,

      -v-                                                                  13-CV-1089-JTC

ERIC H. HOLDER, Jr., U.S. Attorney General,

TODD TRYON, Assistant Field Office Director
U.S. Immigration and Customs Enforcement,

MICHAEL T. PHILLIPS, Field Office Director,

        Respondents.

---

      In this action, Luis R. Morales, an alien in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 seeking release from detention at the Buffalo Federal Detention Facility in Batavia, New York, pending the execution of an immigration order of removal issued against him.  On March 20, 2014, this court entered judgment upon a decision and order denying the petition and dismissing the case (Items 10, 11), and petitioner moved for reconsideration (Item 12). The government has filed its response to the motion to reconsider (Item 16), and petitioner has filed a reply (Item 17).  Upon consideration of the matters set forth in these post-judgment submissions, and for the reasons that follow, the motion is denied.

      The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to

alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), *quoted in Space Hunters, Inc. v. U.S.*, 500 F. App'x 76, 81 (2d Cir. Oct. 17, 2012); *see also Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012). The party seeking reconsideration of a court's decision "bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Group, Inc.*, 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008) (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)); *see also Delena v. Verizon New York Inc.*, 2008 WL 4500194, at *1 (W.D.N.Y. Sept. 30, 2008).

In support of his motion to reconsider, petitioner contends that the court failed to address his arguments that (1) the government knowingly introduced "false criminal records" against him in this action by submitting conviction records pertaining to another person named Luis Morales (*see* Item 12, pp. 5-7), and (2) DHS lacked authorization to detain him upon his release from state custody, due to a stay of removal issued in a separate action pending in the U. S. Court of Appeals for the Second Circuit, *Morales Morales-Santana v. Holder*, Second Circuit Docket No. 11-1252 (*see* Item 12, pp. 2, 12-15). With regard to the first argument, petitioner refers to printouts from the Westlaw database, which were attached as part of Exhibit A to the government's answer to the petition in this matter, reporting the results of state court appeals and federal habeas corpus review of the September 24, 2004 conviction in Rensselaer County Court of a defendant named Luis Morales (*People v. Morales*, 36 A.D.3d 957, 827 N.Y.S.2d 334

(App. Div. 3rd Dep't), *aff'd*, 8 N.Y.3d 988 (2007) (*see* Item 7-3, pp. 21-25); *Morales v. Lape*, 2009 WL 1765009 (N.D.N.Y. June 22, 2009) (*see* Item 7-3, pp. 31-37). According to petitioner, this was a deliberate attempt by the government to falsify the record before the court in order to further prejudice his habeas challenge (as well as his citizenship claim, still pending in the Second Circuit), to which this court "turn[ed] the blind eye" despite his efforts to bring the matter to the court's attention.

This court's March 19, 2014 decision and order makes no reference to these state appellate and federal district court rulings, or to the underlying facts considered and legal issues determined therein, for the simple reason that such matters are irrelevant to the issues presented for habeas corpus review in this case. As discussed in that decision, the authorization for petitioner's detention by DHS is based on his criminal alien status as determined by his record of convictions in New York State courts–in particular, his May 1995 conviction in Queens County on several aggravated felony charges–which does not include any reference to a conviction in Rensselaer County in 2004. Therefore, the government's inclusion of the above referenced Westlaw printouts, whether intentional or inadvertent, had no bearing whatsoever on the court's determination of the merits of the petitioner's claims for habeas relief, and provides no basis for reconsideration of the conclusions reached by the court in its March 19, 2014 decision and order.

Petitioner also contends that the court overlooked his argument regarding the DHS' lack of authority to detain him upon his release from state custody in May 2013, due to the stay of removal order issued by the Second Circuit March 2013. To the contrary, the court directly addressed this issue in its March 19, 2014 decision, as follows:

>   There is likewise no merit to petitioner's contention that DHS was not authorized to detain him following the circuit court's grant of his request for a stay of removal.  As discussed above, INA § 236(a) authorizes the arrest of an alien on a warrant and detention pending a decision on removability, and § 236(c) not only provides for mandatory detention of criminal aliens—such as petitioner—who have been convicted of serious and violent aggravated felony offenses, but also mandates that criminal aliens be taken into custody "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offences."  8 U.S.C. § 1226(c).  Unless and until the circuit court vacates the removal order or otherwise rules in petitioner's favor on the petition for review, petitioner remains a criminal alien subject to removal and subject to lawful mandatory detention in DHS custody under the authority of the INA.
>
>   Based on this authority, and upon full consideration of the record presented by way of the parties' submissions, the court finds that petitioner has failed to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" for the purposes of granting habeas corpus relief under 28 U.S.C. § 2241, and his petition must be denied.

*Morales v. Holder*, 2014 WL 1117827, at *6.

For these reasons, the court finds that petitioner has failed to identify any arguments, facts, evidence, or other matters overlooked by the court that might reasonably be expected to alter the conclusions reached in its March 19, 2014 decision and order. Accordingly, petitioner's request for reconsideration is denied, and the judgment entered by the Clerk of the Court on March 20, 2014 obtains.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 5/21/ 2014